**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert L Carter,<br><br>      Plaintiff,<br><br>v.<br><br>Unknown Liebergunt, et al.,<br><br>      Defendants. | No. CV-18-02315-PHX-ROS (MTM)<br><br>**ORDER** |

      Pending before the settlement Magistrate Judge is Plaintiff's "Response to Defendants Motion to Permit Claims Adjuster to Attend Settlement Conference" (Doc. 91), Plaintiff's "Objection to Order Granting Defendant's Motion" (Doc. 92), and Defendant's "Notice Concerning Defendant's Belief that Settlement Conference Would Be a Futile Act" (Doc. 93).

      On October 1, 2019, Defendants filed a "Motion for an Order Permitting Claims Adjuster to Attend Settlement Conference on Behalf of Maricopa County Self-Insured Risk Trust" (Doc. 41). Attached to the Motion as an exhibit is a document reflecting Maricopa County's tiered approach to authorizing settlements of legal claims: namely, claims adjustors have authority to approve settlements up to $100,000; the Board of Trustees have authority to approve settlements up to $200,000; and all settlements above $200,000 must be approved through the Maricopa County Board of Supervisors. Counsel requested that the Court allow a claims' adjustor to appear at the settlement conference scheduled for

December 9, 2019, rather than the entire Board of Trustees and Board of Supervisors.

The Court finds that such a request is reasonable. The absence of the Maricopa County Board of Trustees and Maricopa County Board of Supervisors at a settlement conference does not dictate the negotiations of the parties regarding the amount of a settlement to be reached. The request for the presence of a claims' adjustor merely recognizes the impracticality of requiring an entire Board of Trustees and Board of Supervisors to appear at a settlement conference. If either Board is needed, based on the amount of the settlement mutually proposed by Plaintiff, defense counsel and the claims' adjustor, the proposed settlement will be presented to the appropriate Board in a duly noticed open meeting. Therefore, settlements that exceed $100,000 necessarily require more than one day to achieve.

On October 8, 2019, the settlement Magistrate Judge granted the Motion without objection (Doc. 44). However, on November 21, 2019, the settlement Magistrate Judge vacated the settlement conference (Doc. 54).

On September 4, 2020, Judge Silver referred this case to this settlement Magistrate Judge to conduct a settlement conference regarding Plaintiff's Fourteenth Amendment excessive force claim against Defendant Leibundgut (Doc. 86 at 13). On September 9, 2020, this settlement Magistrate Judge set a telephonic settlement conference for October 20. 2020 (Doc. 87 at 1). The Order requires governmental agencies or political bodies to appear through a representative "having full binding settlement authority in addition to counsel." (Doc. 87 at 2).

In an abundance of caution perhaps, the Defendant filed a second "Motion to Permit Claims Adjuster to Attend Settlement Conference on Behalf of Maricopa County Self-Insured Risk Trust" with the same attached exhibit reflecting Maricopa County's tiered approach to authorizing settlements of legal claims (Doc. 88). This settlement Magistrate Judge summarily granted the Motion and reset the settlement conference to October 16, 2020, allowing Risk Management's claims' adjustor to telephonically attend the settlement conference, and again recognizing that a settlement conference can proceed without the

necessity of the telephonic attendance of the Board of Trustees and Board of Supervisors for Maricopa County (Doc. 89).

In his Response, Plaintiff "unequivocally vehemently objects" to the presence of a claims' adjustor at his settlement conference. Plaintiff states that the Motion is "a ruse to trick Plaintiff into accepting the thus implied 'structured in tiers'…limitations on the settlement…." (Doc. 91 at 2). Plaintiff asks the Court "to deny if not strike the Motion and censor the attorney" because "…the title is contumacious and may rise to the level of fraud on the Court." (Id. at 2-3). In addition, the Plaintiff asks the Court to "construe the submission of the TRUST into this Court's Record as Defendants' unlawful and *ultravires* attempt to use the TRUST in a sufficiently fraudulent manner to vitiate the TRUST in its totality…." (Id. at 3). Plaintiff requests that the Court deny the Motion and dissolve the "Maricopa County, Arizona Self-Insured Risk TRUST submitted by Defendants' into this Court's Record." (Id. at 4).

In his "Objection to Order Granting Defendant's Motion," Plaintiff states that the Court's Order (Doc. 89) unduly prejudices Plaintiff by denying him "access to the Court" and by "unlawfully limiting Plaintiff's possible recovery based on Defendants' TRUST requirements and limits---without regard to Plaintiff's injuries and/or damages." (Doc. 92 at 2).

The Court has fully considered Plaintiff's "Response to Defendants Motion to Permit Claims Adjuster to Attend Settlement Conference" (Doc. 91) and Plaintiff's "Objection to Order Granting Defendant's Motion" (Doc. 92). Plaintiff's interpretation of Defendant's second Motion (Doc. 88) is not correct. Plaintiff is not limited to settling his case for the amount of money a claims' adjustor is authorized to approve. By allowing a claims' adjustor to appear on behalf of Maricopa County at the telephonic settlement conference, the settlement Magistrate Judge has not denied Plaintiff access to the Court or limited his settlement negotiations.

For the reasons stated herein,

**IT IS ORDERED** affirming the settlement Magistrate Judge's Order (Doc. 89).

**IT IS FURTHER ORDERED** denying Plaintiff's "Objection to Order Granting Defendant's Motion" (Doc. 92).

The Court will conduct a telephonic settlement conference on **October 16, 2020 at 9:30 a.m**., acknowledging the reservations of both parties concerning their differences in the valuation of the claim.

Dated this 5th day of October, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge